[No. 16618. Department Two. January 17, 1922.]

UNION STATE BANK OF ODESSA, *Respondent,* v. LIZZIE
MILLER, *Appellant.*[1]

APPEAL (263, 301)—RECORD—TRANSCRIPT—CERTIFICATE TO STATE-
MENT OF FACTS. Where there is nothing in the record on appeal ex-
cept the clerk's transcript of the pleadings, and a statement of facts
which is not certified by the trial judge, the judgment of the lower
court, based upon issues of fact, will be affirmed.

Appeal from a judgment of the superior court for
Lincoln county, Sessions, J., entered upon findings in
favor of the plaintiff, in an action to subject real prop-
erty to the lien of a judgment, tried to the court. Af-
firmed.

[1]Reported in 203 Pac. 947.

*Charles F. Bolin,* for appellant.

*Merritt, Lantry & Merritt,* for respondent.

MAIN, J.—This action was brought for the purpose of subjecting certain real property to the lien of a judgment. The complaint in effect alleges that, prior to August 22, 1918, Conrad Miller and Lizzie Miller were husband and wife, and that on this date they were divorced. Prior to the divorce, a debt had been contracted to the plaintiff, Union State Bank of Odessa. The property which it is sought to subject to the lien of the judgment was owned by the parties prior to the divorce and was community property. In the divorce action the property was set over to Lizzie Miller as her separate property. Subsequent to the time when the decree of divorce was entered, the bank brought an action against Conrad Miller and obtained a judgment, and thereafter brought this action against Lizzie Miller for the purpose of enforcing the lien of the judgment against the property which had been set over to her in the divorce action, claiming that, since the debt was a community debt and the property was community property, such a right existed. The answer contains certain admissions and denials. The plaintiff had judgment, and the defendant appeals.

The respondent bank objects to the consideration of the case upon the merits because there is no record here which will present the questions which the appellant seeks to have determined. The clerk's transcript contains only the complaint and the answer. There has been filed with the clerk of this court what purports to be a statement of facts, but this is not certified by the trial judge. Upon this state of the record, the court has no alternative but to sustain the objection of the respondent to the consideration of the case upon

the merits and affirm the judgment, and it will be so ordered.

Affirmed.

PARKER, C. J., HOLCOMB, MACKINTOSH, and HOVEY, JJ., concur.